IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2078-FL

| | ) |
|---|---|
| DANIEL H. KING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| TRACY JOHNS, | ) |
| | ) |
| Respondent. | ) |

On February 4, 2011, the court issued an order (DE #15) allowing petitioner fourteen (14) days to show cause why his case should not be dismissed in light of the holding in Timms v. Johns, 627 F.3d 525 (4th Cir. 2010). Petitioner filed a timely response opposing dismissal of the present habeas action. Respondent filed a response arguing in favor of dismissal. The matter is ripe for ruling.

## STATEMENT OF THE CASE

As discussed below, petitioner has another matter pending before this court. He is respondent in United States v. King, No. 5:10-HC-2009-FL (E.D.N.C.), a proceeding brought by the government pursuant to 18 U.S.C. § 4248, to seek commitment of petitioner as a sexually dangerous person. Petitioner's § 4248 action was commenced on January 19, 2010. Petitioner brought the present action on May 5, 2010. The court issued a *sua sponte* order on February 4, 2011, allowing petitioner fourteen (14) days to show cause why his case should not be dismissed. Petitioner filed a timely response on February 10, 2011, opposing dismissal, and respondent filed a response on February 24, 2011, arguing in favor of dismissal.

## DISCUSSION

In the recent decision of Timms v. Johns, 627 F.3d 525 (4th Cir. 2010), the United States Court of Appeals for the Fourth Circuit found that habeas petitioner Gerald Wayne Timms failed to exhaust alternative remedies available for review of his detention pursuant to 18 U.S.C. § 4248 and failed to demonstrate exceptional circumstances sufficient to excuse his failure. The court determined that the district court should have refrained from exercising jurisdiction over Timms' habeas petition. The Fourth Circuit vacated the district court's order granting habeas relief, and remanded to the district court with instructions to dismiss without prejudice Timms' habeas petition. Mandate in Timms was issued on January 28, 2011.

Like Timms, petitioner is presently detained pending commitment proceedings under 18 U.S.C. § 4248. Because the § 4248 action remains pending against him, Timms holds that petitioner has not exhausted all remedies therein. Nonetheless, petitioner contends that the decision in Timms does not control the disposition of the present petition for habeas corpus. Specifically, petitioner asserts "that he is not a Federal Prisoner due to his conviction in [District of Columbia] Superior Court and therefore, is not eligible for 18 U.S.C. 4248." (Pet'r's Resp. 1.)

Petitioner has raised the issue of his status based on his conviction under the District of Columbia Code only in the present habeas action and not in his § 4248 action. Petitioner fails to identify any reason this issue has not been raised within the § 4248 action. Other remedies also remain available to respondent in the § 4248 action, including a hearing on the merits of whether he meets the criteria for commitment under § 4248. Petitioner has requested such a hearing. See Motion for Hearing, United States v. King, No. 5:10-HC-2009-FL (E.D.N.C. June 25, 2010).

Discovery is ongoing in the § 4248 action, and the court has granted petitioner's two requests for discovery extensions.

The court finds that the remedies available to petitioner within the § 4248 action are an adequate substitute for habeas corpus. Those remedies remain unexhausted. The court further finds that petitioner's circumstances are not so exceptional as to excuse petitioner from pursuing alternate remedies in the § 4248 action. The Fourth Circuit in Timms noted that "unlike in the case of [Boumediene v. Bush, 553, U.S. 723 (2008)], we have no reason to doubt that the district court will now promptly review Timms' detention under § 4248, in the Commitment Action." Timms, 627 F.3d at 533. Likewise, it is this court's intention to promptly review petitioner's pending § 4248 action.

Therefore, the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. Petitioner's motion to appoint counsel (DE # 4), respondent's motion to dismiss (DE # 5), respondent's motion to stay proceedings (DE #9), and petitioner's motion for summary judgment (DE # 11) are hereby DENIED as moot. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 6th day of March 2011.

LOUISE W. FLANAGAN
Chief United States District Judge